**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3190
_____

ERNEST RAY WHOLAVER, JR.,
                                    Appellant

v.

MR. JAIME SORBER, Superintendent; JANE/JOHN DOE, Medical Supervisor

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-00492)
District Judge:  Honorable Gene E. K. Pratter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 3, 2023
Before:  SHWARTZ, BIBAS, MONTGOMERY-REEVES, Circuit Judges

(Opinion filed November 9, 2023)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ernest Wholaver, proceeding pro se, appeals the orders of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint and denying him leave to file any amended complaint. We will affirm the judgment of the District Court.

Wholaver initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 in Pennsylvania state court. He claimed that the Superintendent (Sorber) and an unnamed medical supervisor (Doe) of the State Correctional Institute at Phoenixville (SCI Phoenixville) and the Secretary of the Pennsylvania Department of Corrections (Wetzel), failed to adequately implement their COVID-19 protocols. Wholaver alleged that this failure constituted deliberate indifference to the substantial risk of harm posed by COVID-19. The matter was removed to the Eastern District of Pennsylvania, where the District Court dismissed the complaint for failure to state a claim. Wholaver sought leave to file an amended complaint,[1] which the District Court denied as futile because the action could not be saved by further amendment. Wholaver then instituted the present appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review over a district court's order dismissing a complaint for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To avoid dismissal on the pleadings, a

---

[1] Because Wholaver's proposed amended complaint sought, in part, to remove Wetzel as a named Defendant, we do not consider the District Court's dismissal of the complaint against Wetzel as raised by this appeal.

[2] We have considered the parties' arguments as to jurisdiction and have concluded that we have jurisdiction over this appeal. Cf. Borelli v. City of Reading, 532 F.2d 950, 951 n. 1 (3d Cir. 1976).

complaint, liberally construed and accepted as true, must "state a claim to relief that is plausible on its face" by including facts that "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see Estelle v. Gamble, 429 U.S. 97, 106 (1976); Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021). We review a district court's decision denying leave to amend for an abuse of discretion. Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008).

To state an Eighth Amendment claim,[3] a plaintiff must allege that he was incarcerated under conditions imposing a substantial risk of serious harm, and that the defendants were deliberately indifferent to that risk. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Porter v. Pa. Dep't of Corr., 974 F.3d 431, 441 (3d Cir. 2020). Deliberate indifference requires that a defendant knew of and disregarded an excessive risk to inmate health and safety. Farmer, 511 U.S. at 837. Prison officials who knew of a substantial risk of harm are not liable "if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844.

Wholaver's proposed amended complaint[4] alleges that, due to his prison medical history, Wholaver is at high risk for adverse effects from COVID-19. Wholaver claims

---

[3] Wholaver's brief argues that the District Court erred in construing his deliberate indifference claim under the Eighth Amendment's prohibition of cruel and unusual punishments. ECF No. 8 at 1-3. This argument is mistaken. Conditions-of-confinement claims "are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted).

[4] The proposed amended complaint improved upon certain factual allegations and requested additional relief but is otherwise substantially similar to the original complaint. As such, if it was correct for the District Court to determine that the proposed amended complaint failed to state a claim, then the District Court's dismissal of Wholaver's original complaint would not have resulted in error.

that toward the end of November 2021, he had an appointment with the counselor for his housing block and, within the same week, an appointment with the unit manager for his housing block, both of whom later tested positive for COVID-19. DCT Nos. 1-1 & 8; ECF No. 10 at 2. Wholaver avers that SCI Phoenixville endangered high-risk inmates, including himself, when it did not institute covid mitigation protocols—specifically, a lockdown, contact tracing, and testing for the inmates in his housing block—immediately after the covid-positive status of these employees was discovered. DCT Nos. 1-1 & 8; ECF No. 10 at 2. The identified mitigation measures were not taken until several days later, when multiple inmates, including Wholaver, either tested positive for or exhibited symptoms of COVID-19 infection.[5] DCT Nos. 1-1 & 8.

To the extent Wholaver contends that SCI Phoenixville's implementation of the Department of Correction's mitigation protocols was inadequate, the District Court noted many preventative measures that were taken from the start of the pandemic, including the suspension of in-person visits, increased screening of staff for the virus, and enhanced screening and quarantine for new inmates. DCT No. 6 at 6. Given these measures and the unprecedented and evolving nature of the pandemic, Wholaver does not have a plausible claim that prison officials responded unreasonably to or otherwise disregarded an excessive risk of harm. See Farmer, 511 U.S. at 844; cf. Hope v. Warden York Cnty. Prison, 972 F.3d 310, 330 (3d Cir. 2020) (stating that the failure to eliminate all risk of

---

[5] According to Wholaver, his symptoms included difficulty breathing and loss of strength; he was so weak that he required the use of a wheelchair to obtain medical attention. DCT Nos. 1-1 & 8.

contracting COVID-19 in immigration detention did not establish deliberate indifference); Wilson v. Williams, 961 F.3d 829, 841 (6th Cir. 2020) (holding that the Bureau of Prisons was not deliberately indifferent to the risk of harm in light of preventative measures taken in response to COVID-19). Wholaver's belief that SCI Phoenixville should have implemented the mitigation protocols differently or sooner does not on its own amount to an Eighth Amendment violation. Cf. Hope, 972 F.3d at 329 (explaining that "mere disagreement" as to the response to the posed risk "will not support constitutional infringement").

To the extent Wholaver claims that SCI Phoenixville caused him to contract COVID-19 by forcing the staff members on his housing block to "come to work knowing that they had [COVID]-19 and were sick," DCT No. 8 at ¶¶ 24-26, 30, Wholaver's amended allegations are too conclusory and speculative to state a plausible claim. "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Moreover, defendants in civil rights actions "must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007) (internal quotation marks and citations omitted); see Ashcroft, 556 U.S. at 676 (stating that vicarious liability is generally inapplicable to a § 1983 suit). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence," but these allegations "must be made

5

with appropriate particularity." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).

To establish Defendants' personal involvement, Wholaver claims that, (1) during the relevant time-period, Sorber and Doe met daily to discuss COVID-19, including mitigation efforts and who was at high risk, DCT No. 8 ¶ 17; (2) SCI Phoenixville forced staff members to come to work knowing that they had COVID-19 and were ill, DCT No. 8 ¶¶ 23-26; (3) Defendants had some sort of knowledge regarding "what was happening on" his housing block, DCT No. 8 ¶¶ 23-26, and (3) Defendants knew that the two housing unit employees were COVID-19 positive and endangered the high-risk inmates in his housing unit by not immediately instituting COVID-19 protocols, DCT No. 8 ¶ 30. We agree with the District Court that these allegations are insufficient to sufficiently allege the personal involvement of Defendants Sorber and Doe. <u>See</u> <u>Ashcroft</u>, 556 U.S. at 676; <u>Rode</u>, 845 F.2d at 1207. Finally, given the preventative measures that were taken and Wholaver's overly conclusory factual averments, we see no error in the District Court's determination that any further amendment of the complaint would be futile. DCT No. 14 n. 1.

Accordingly, we will affirm the District Court's orders.[6]

---

[6] On June 16, 2023, Wholaver filed a motion to compel a response brief. That motion is denied as moot.